J-S12040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JAMES W. ROSS, | : | |
| | : | |
| Appellant | : | No. 1192 MDA 2016 |

Appeal from the PCRA Order May 20, 2016
in the Court of Common Pleas of Dauphin County,
Criminal Division, No(s): CP-22-CR-0000996-1997

BEFORE: PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED APRIL 13, 2017**

James W. Ross ("Ross") appeals, *pro se*, from the Order dismissing his second Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In January 1998, Ross was convicted of rape of a child, incest, involuntary deviate sexual intercourse with a child, aggravated indecent assault – complainant less than 13 years of age, indecent assault – complainant less than 13 years of age, and corruption of minors.[1] The trial court sentenced Ross to an aggregate term of 36 to 180 years in prison. This Court affirmed Ross's judgment of sentence on May 21, 1999. ***See Commonwealth v. Ross***, 739 A.2d 591 (Pa. Super. 1999) (unpublished memorandum).

---

[1] 18 Pa.C.S.A. §§ 3121(c), 4302, 3123(b), 3125(a)(7), 3126(a)(7), 6301.

Ross filed his first *pro se* PCRA Petition in May 2000. The PCRA court appointed Ross counsel, who subsequently filed a Petition to Withdraw and a **Turner**/**Finley**[2] "no-merit" letter. The PCRA court dismissed the Petition. This Court affirmed the dismissal, and the Pennsylvania Supreme Court denied allowance of appeal. **See Commonwealth v. Ross**, 792 A.2d 618 (Pa. Super. 2001), **appeal denied**, 798 A.2d 1289 (Pa. 2002).

Ross filed the instant *pro se* "Motion for Post Conviction Collateral Relief" on February 26, 2016. The PCRA court entered a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, to which Ross, *pro se*, filed a Response. The PCRA court dismissed Ross's second Petition as untimely filed. Ross filed a timely Notice of Appeal.[3] The PCRA court subsequently filed a Statement in Lieu of a Pa.R.A.P. 1925(a) Opinion, relying on its May 2, 2016 Opinion.

On appeal, Ross raises the following questions for our review:

I. Does the [PCRA] court's dismissal of the properly[-]filed PCRA Petition constitute a violation of [Ross's] right to due process and equal protection of the law[,] as guaranteed by the Pennsylvania and United States Constitutions?

II. Did the [PCRA] court err in dismissing the properly[-]filed PCRA Petition without conducting an evidentiary hearing?

Brief for Appellant at 6 (issues renumbered, some capitalization omitted).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] The PCRA court did not order Ross to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal.

level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition, "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). Additionally, "[i]f the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa. Super. 2008); *see also Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (stating that a court may not address the merits of the issues raised if a PCRA petition is not timely filed).

Ross concedes that his Petition is facially untimely, as he filed the Petition more than 15 years after his judgment of sentence became final. Brief for Appellant at 8-9.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth

- 3 -

under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

We will address Ross's claims together. In his first claim, Ross points to this Court's decision in *Commonwealth v. Ruiz*, 131 A.3d 54 (Pa. Super. 2015)[4] as a newly-discovered fact, and asserts that his sentence is illegal based upon *Alleyne* because he was subject to a mandatory minimum sentence under 42 Pa.C.S.A. § 9718. Brief for Appellant at 9-12, 17. In his second claim, Ross contends that the trial court erred by dismissing his Petition without conducting an evidentiary hearing because his Petition alleged new facts that, if true, would entitle him to relief. *Id.* at 18. Ross also argues that "an offender whose judgment of sentence becomes final prior to the *Alleyne* decision is subject to unequal treatment … without a rational basis." *Id.* at 18-19.

Initially, judicial decisions cannot "be considered newly-discovered facts which could invoke the protections afforded by section 9545(b)(1)(ii)." *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013); *see also Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011) (stating that

---

[4] In *Ruiz*, this Court held that a petitioner is entitled to retroactive application of the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013) (holding that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt), where he raises the claim in a timely PCRA petition, and his judgment of sentence was not final prior to the date of the *Alleyne* decision. *Ruiz*, 131 A.3d at 59-60.

"subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA."). Additionally, the *Ruiz* decision does not support Ross's position, as his Petition is facially untimely, and his judgment of sentence became final in 1999, well before the date of the *Alleyne* decision. *See Ruiz,* 131 A.3d at 59-60; *see also Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016) (holding that "*Alleyne* does not apply retroactively to cases pending on collateral review"); *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that *Alleyne* applies retroactively where the judgment of sentence has become final, and that "though not technically waivable, a legality of sentence claim may nevertheless be lost should it be raised in an untimely PCRA petition for which no time-bar exception applies" (citation, brackets, and ellipses omitted)). Therefore, Ross has failed to plead and prove the newly-discovered fact exception to the PCRA's timeliness

requirement.[5]

Because Ross failed to successfully invoke any of the exceptions necessary to circumvent the PCRA's timeliness requirement, the PCRA court properly dismissed the Petition without a hearing. **See Perrin**, **supra**.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2017

---

[5] Although Ross does not specifically cite the newly-recognized constitutional right exception at section 9545(b)(1)(iii), he asserts that he is entitled to retroactive application of **Alleyne's** "new substantive rule" because he was subject to an illegal mandatory minimum sentence. Brief for Appellant at 12-15. However, Ross did not file the instant Petition within sixty days of the date that **Alleyne** was decided. **See** 42 Pa.C.S.A. § 9545(b)(2); **see also Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to [a newly]-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision."). Additionally, the rule in **Alleyne** does not apply retroactively where the judgment of sentence is final. **See Washington**, **supra**; **Miller**, **supra**. Thus, Ross has failed to plead and prove the newly-recognized constitutional right exception at section 9545(b)(1)(iii) based on the Supreme Court's decision in **Alleyne**.